IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER HEALTHCARE LLC, and BAYER HEALTHCARE PHARMACEUTICALS INC., Plaintiffs, | ) | |
| v. | ) | C.A. No. ______________________ |
| MSN PHARMACEUTICALS INC. and MSN LABORATORIES PVT. LTD., Defendants. | ) | |

**COMPLAINT**

Plaintiffs Bayer HealthCare LLC ("BHC") and Bayer HealthCare Pharmaceuticals Inc. ("BHCPI") (BHC and BHCPI are collectively referred to herein as "Bayer" or "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of the filing by defendants MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. (collectively, "MSN") of Abbreviated New Drug Application ("ANDA") No. 221953 with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of Bayer's STIVARGA® product prior to the expiration of U.S. Patent Nos. 8,637,553 ("the '553 patent"); 9,458,107 ("the '107 patent"); and 9,957,232 (the "'232 patent"). As set forth in its FDA-approved labeling, STIVARGA® is indicated for the treatment of certain types of cancer.

2. By letter dated October 6, 2026 (the "Notice Letter"), MSN notified, *inter alia*, Bayer that MSN had submitted to the FDA an ANDA, No. 221953, seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of Regorafenib tablets, 40 mg ("MSN's ANDA Product") prior to the expiration of the '553 patent, the '107 patent, and the '232 patent. Upon information and belief, MSN's ANDA Product is a generic version of STIVARGA®.

**THE PARTIES**

3. Plaintiff Bayer HealthCare LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 100 Bayer Boulevard, Whippany, New Jersey 07981.

4. Plaintiff Bayer HealthCare Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 100 Bayer Boulevard, Whippany, New Jersey 07981.

5. On information and belief, defendant MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 20 Duke Road, Piscataway, NJ 08854.

6. On information and belief, defendant MSN Laboratories Pvt. Ltd. is a private limited company organized and existing under the laws of India, having a principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad, Telangana 500018, India.

7. On information and belief, MSN Pharmaceuticals Inc. is a wholly owned subsidiary of MSN Laboratories Pvt. Ltd. On information and belief, MSN Laboratories Pvt. Ltd. is a generic pharmaceutical company that develops, manufactures, markets, and distributes generic

versions of branded pharmaceutical products throughout the United States in concert with its subsidiary, MSN Pharmaceuticals Inc.

8. On information and belief, and consistent with their practice with respect to other generic products, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. acted in concert to prepare and submit ANDA No. 221953.

9. On information and belief, MSN Laboratories Pvt. Ltd. is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, on information and belief, MSN Laboratories Pvt. Ltd., acting in concert with MSN Pharmaceuticals Inc., files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, MSN Laboratories Pvt. Ltd., acting in concert with MSN Pharmaceuticals Inc., files Paragraph IV Certifications to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

10. On information and belief, and consistent with their practice with respect to other generic products, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. acted in concert to prepare and submit ANDA No. 221953.

11. On information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm’s length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and

distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to the infringing MSN ANDA Product at issue

12. On information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. contemplate that upon approval of ANDA No. 221953, MSN Laboratories Pvt. Ltd. will manufacture MSN's ANDA Product and MSN Pharmaceuticals Inc. will directly or indirectly market, sell, and distribute MSN's ANDA Product throughout the United States, including in Delaware.

13. Upon information and belief, and consistent with their practice with respect to other generic products, following any FDA approval of ANDA No. 221953, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. will act in concert to market, distribute, offer for sale, and sell MSN's ANDA Product throughout the United States and within Delaware.

14. On information and belief, following any FDA approval of ANDA No. 221953, MSN knows and intends that its ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**JURISDICTION**

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

16. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over the defendants.

17. This Court has personal jurisdiction over MSN Pharmaceuticals Inc. because, on information and belief, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, has registered to do business in the State of

Delaware, and has appointed a registered agent in Delaware to accept service of process. MSN Pharmaceuticals Inc. has thus consented to jurisdiction in Delaware.

18. In addition, this Court also has personal jurisdiction over MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. because, among other things, on information and belief: (a) MSN Laboratories Pvt. Ltd., acting in concert with MSN Pharmaceuticals Inc., has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Product in the United States, including in Delaware; and (b) MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell MSN's ANDA Product in the United States, including in Delaware, upon approval of ANDA No. 221953, and will derive substantial revenue from the use or consumption of MSN's ANDA Product in the State of Delaware. On information and belief, if ANDA No. 221953 is approved, the generic MSN product charged with infringing the '553 patent, the '107 patent, and the '232 patent would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

19. The Court also has personal jurisdiction over MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. because they have committed, aided, abetted, induced, contributed to, or participated in the commission of the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to BHC, a Delaware limited liability company, and BHCPI, a Delaware corporation. For example, MSN sent the Notice Letter to, *inter alia*, Bayer, which has led and/or will lead to foreseeable harm and injury to Bayer in Delaware.

20. MSN Laboratories Pvt. Ltd. is subject to personal jurisdiction in Delaware because, among other things, MSN Laboratories Pvt. Ltd., itself and through its wholly-owned subsidiary MSN Pharmaceuticals Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, MSN Laboratories Pvt. Ltd., itself and through its subsidiary MSN Pharmaceuticals Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, MSN Laboratories Pvt. Ltd. is subject to personal jurisdiction in Delaware because, upon information and belief, it controls and dominates MSN Pharmaceuticals Inc. and therefore the activities of MSN Pharmaceuticals Inc. in this jurisdiction are attributed to MSN Laboratories Pvt. Ltd.

21. MSN has consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and they have filed counterclaims in such cases. *See, e.g.*, *Novartis Pharms. Corp. v. MSN Pharms. Inc., MSN Labs. Priv. Ltd. et al.*, C.A. No. 25-81-RGA (D. Del. Jan. 22, 2025); *SK Biopharmaceuticals Co., Ltd. et al. v. MSN Pharms. Inc. & MSN Labs. Priv. Ltd.*, C.A. No. 24-1270-JLH-CJB (D. Del. Dec. 11, 2024); *Allergan Holdings Unlimited Co. et al. v. MSN Labs. Priv. Ltd. & MSN Pharms. Inc.*, C.A. No. 24-1187-RGA (D. Del. Dec. 2, 2024); *Vanda Pharms. Inc. v. MSN Pharms. Inc. & MSN Labs. Priv. Ltd.*, C.A. No. 24-815-JLH (D. Del. Sept. 13, 2024); *Pfizer Inc. et al. v. MSN Labs. Priv. Ltd. & MSN Pharms. Inc.*, C.A. No. 24-624-CFC (D. Del. July 23, 2024); *Pfizer Inc. et al. v. MSN Labs. Priv. Ltd. & MSN Pharms. Inc.*, C.A. No. 24-315-JPM-JLH (D. Del. Sept. 4, 2024); *Celgene Corp. et al. v. MSN Labs. Priv. Ltd. & MSN Pharms. Inc.*, C.A. No. 23-699-RGA (D. Del. Aug. 28, 2023); *Taiho*

*Pharm. Co., Ltd. v. MSN Labs. Priv. Ltd. & MSN Pharms. Inc.*, C.A. No. 23-0008-JLH (D. Del. Mar. 15, 2023); *Acadia Pharms. Inc. v. MSN Labs. Priv. Ltd. & MSN Pharms., Inc.*, C.A. No. 22-1388-GBW (D. Del. Dec. 23, 2022); *Exelixis, Inc. v. MSN Labs. Priv. Ltd. & MSN Pharms., Inc.*, C.A. No. 22-228-RGA (D. Del. Feb. 25, 2022).

22. Alternatively, if MSN Laboratories Pvt. Limited's connections with Delaware, including its connections with MSN Pharmaceuticals Inc., are found to be insufficient to confer personal jurisdiction, then on information and belief, MSN Laboratories Private Limited is not subject to jurisdiction in any State's courts of general jurisdiction, and exercising jurisdiction over MSN Laboratories Pvt. Limited in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

## VENUE

23. Venue is proper in this district as to MSN Pharmaceuticals Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

24. Venue is proper in this district as to MSN Laboratories Pvt. Limited pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MSN Laboratories Pvt. Limited is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

25. STIVARGA®, which contains regorafenib, is a kinase inhibitor indicated for the treatment of patients with metastatic colorectal cancer (CRC) who have been previously treated with fluoropyrimidine-, oxaliplatin- and irinotecan-based chemotherapy, an anti-VEGF

therapy, and, if RAS wild-type, an anti-EGFR therapy. It is also indicated for the treatment of patients with locally advanced, unresectable or metastatic gastrointestinal stromal tumor (GIST) who have been previously treated with imatinib mesylate and sunitinib malate. It is also indicated for the treatment of patients with hepatocellular carcinoma (HCC) who have been previously treated with sorafenib.

26. BHCPI is the holder of New Drug Application No. 203085 for STIVARGA®, which has been approved by the FDA.

**<u>The ’553 Patent</u>**

27. United States Patent No. 8,637,553, entitled “Fluoro Substituted Omega-Carboxyaryl Diphenyl Urea for the Treatment and Prevention of Diseases and Conditions,” was duly and legally issued on January 28, 2014. The ’553 patent is attached as Exhibit A.

28. BHC is the assignee of the ’553 patent, which has not expired.

29. As set forth in greater detail in the ’553 patent, the claims of the ’553 patent, incorporated by reference herein, cover, *inter alia*, regorafenib and pharmaceutical compositions containing regorafenib.

30. Pursuant to 21 U.S.C. § 355, the ’553 patent is listed in the Orange Book in connection with STIVARGA®.

31. By letter to, *inter alia*, Bayer dated October 6, 2026, MSN provided notice that MSN had submitted to the FDA ANDA No. 221953 for MSN’s ANDA Product.

32. In the Notice Letter, MSN notified Bayer that, in connection with its ANDA No. 221953, MSN had filed a Paragraph IV Certification with respect to the ’553 patent.

33. MSN had knowledge of the claims of the ’553 patent before it filed its Paragraph IV Certification.

34. The purpose of ANDA No. 221953 is to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Product with its proposed labeling prior to the expiration of the '553 patent.

35. MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953, *i.e.*, prior to the expiration of the '553 patent.

36. This action is being commenced before the expiration of forty-five days from the receipt of the Notice Letter.

37. The Notice Letter stated that MSN's ANDA Product contains regorafenib. The Notice Letter also stated that MSN's ANDA Product is a tablet.

38. In the Notice Letter, MSN does not contest that the claims of the '553 patent cover its ANDA Product; rather, the Notice Letter only alleges that the claims are invalid and therefore cannot be infringed.

39. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product, including the use of MSN's ANDA Product in accordance with and as directed by MSN's labeling for that product, will infringe one or more claims of the '553 patent, including at least claims 13 and 14.

40. MSN has knowledge of the claims of the '553 patent. Notwithstanding this knowledge, MSN has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953.

41. On information and belief, MSN plans and intends to, and will, actively induce infringement of the ’553 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

42. The foregoing actions by MSN constitute or will constitute infringement of the ’553 patent and active inducement of infringement of the ’553 patent.

43. An actual case or controversy exists between Bayer and MSN with respect to infringement of the ’553 patent.

**The ’107 Patent**

44. United States Patent No. 9,458,107, entitled “Process for the Preparation of 4-{4-[({[4-chloro-3-(trifluoromethyl)-phenyl]amino}carbonyl)amino]-3-fluorphenoxy-*N*-ethylpyridie-carboxamide, Its Salts and Monohydrate,” was duly and legally issued on October 4, 2016. The ’107 patent is attached as Exhibit B.

45. BHC is the assignee of the ’107 patent, which has not expired.

46. As set forth in greater detail in the ’107 patent, the claims of the ’107 patent, incorporated by reference herein, cover, *inter alia*, regorafenib which is contaminated with one or more anilinic substances, each in an amount equal to or less than 0.05% by weight based on the weight of the regorafenib.

47. Pursuant to 21 U.S.C. § 355, the ’107 patent is listed in the Orange Book in connection with STIVARGA®.

48. By letter to, *inter alia*, Bayer dated October 6, 2026, MSN stated that MSN had submitted to the FDA ANDA No. 221953 for MSN’s ANDA Product.

49. In the Notice Letter, MSN stated that, in connection with its ANDA No. 221953, MSN had filed a Paragraph IV Certification with respect to the ’107 patent.

50. MSN had knowledge of the claims of the '107 patent before it filed its Paragraph IV Certification.

51. The purpose of ANDA No. 221953 is to obtain approval under the federal Food, Drug & Cosmetic Act to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Product with its proposed labeling prior to the expiration of the '107 patent.

52. MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953, *i.e.*, prior to the expiration of the '107 patent.

53. This action is being commenced before the expiration of forty-five days from the receipt of the Notice Letter.

54. The Notice Letter stated that MSN's ANDA Product contains regorafenib.

55. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product, including the use of MSN's ANDA Product in accordance with and as directed by MSN's labeling for that product, will infringe one or more claims of the '107 patent, including at least claim 1.

56. MSN has knowledge of the claims of the '107 patent. Notwithstanding this knowledge, MSN has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953.

57. On information and belief, MSN plans and intends to, and will, actively induce infringement of the '107 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

58. The foregoing actions by MSN constitute or will constitute infringement of the ’107 patent and active inducement of infringement of the ’107 patent.

59. On information and belief, MSN’s ANDA Product is not publicly available, nor is ANDA No. 221953 accessible to the public.

60. MSN’s Notice Letter was accompanied by an Offer of Confidential Access to certain information from ANDA No. 221953. However, the Offer of Confidential Access was subject to unreasonably restrictive and vague confidentiality provisions. In addition, MSN’s Notice Letter did not offer to provide additional information beyond portions of ANDA No. 221953, such as samples of MSN’s ANDA Product, which on information and belief is not accessible to the public.

61. An actual case or controversy exists between Bayer and MSN with respect to infringement of the ’107 patent.

**The ’232 Patent**

62. U.S. Patent No. 9,957,232, entitled “4-[4-({[4-Chloro-3-(Trifluoromethyl)Phenyl]Carbamoyl}Amino)-3-Fluorophenoxy]-N-Methylpyridine-2-Carboxamide Monohydrate,” was duly and legally issued on May 1, 2018. The ’232 patent is attached as Exhibit C.

63. BHC is the assignee of the ’232 patent, which has not expired.

64. As set forth in greater detail in the ’232 patent, the claims of the ’232 patent, incorporated by reference herein, cover, *inter alia*, regorafenib monohydrate which shows in X-ray diffractometry a peak maximum of the 2 Theta angle of 21.2.

65. Pursuant to 21 U.S.C. § 355, the ’232 patent is listed in the Orange Book in connection with STIVARGA®.

66. By letter to, *inter alia*, Bayer dated October 6, 2026, MSN stated that MSN had submitted to the FDA ANDA No. 221953 for MSN's ANDA Product.

67. In the Notice Letter, MSN stated that, in connection with its ANDA No. 221953, MSN had filed a Paragraph IV Certification with respect to the '232 patent.

68. MSN had knowledge of the claims of the '232 patent before it filed its Paragraph IV Certification.

69. The purpose of ANDA No. 221953 is to obtain approval under the Federal Food, Drug & Cosmetic Act to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Product with its proposed labeling prior to the expiration of the '232 patent.

70. MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953, *i.e.*, prior to the expiration of the '232 patent.

71. In the Notice Letter, MSN stated that MSN's ANDA Product contains regorafenib.

72. This action is being commenced before the expiration of forty-five days from the receipt of the Notice Letter.

73. On information and belief, MSN's ANDA Product contains regorafenib monohydrate as claimed in the '232 patent.

74. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product, including the use of MSN's ANDA Product in accordance with and as directed by MSN's proposed labeling for that product, will infringe one or more claims of the '232 patent, including at least claim 19.

75. MSN has knowledge of the claims of the ’232 patent. Notwithstanding this knowledge, MSN has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN’s ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953.

76. On information and belief, MSN plans and intends to, and will, actively induce infringement of the ’232 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

77. The foregoing actions by MSN constitute or will constitute infringement of the ’232 patent and active inducement of infringement of the ’232 patent.

78. On information and belief, MSN’s ANDA Product is not publicly available, nor is ANDA No. 221953 accessible to the public.

79. MSN’s Notice Letter was accompanied by an Offer of Confidential Access to certain information from ANDA No. 221953. However, the Offer of Confidential Access was subject to unreasonably restrictive and vague confidentiality provisions. In addition, MSN’s Notice Letter did not offer to provide additional information beyond portions of ANDA No. 221953, such as samples of MSN’s ANDA Product, which on information and belief is not accessible to the public.

80. An actual case or controversy exists between Bayer and MSN with respect to infringement of the ’232 patent.

**COUNT I**
**(Infringement of the ’553 Patent)**

81. Bayer incorporates each of the preceding paragraphs as if fully set forth herein.

82. MSN's submission of ANDA No. 221953 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Product was an act of infringement of the '553 patent under 35 U.S.C. § 271(e)(2).

83. Unless MSN is enjoined from infringing the '553 patent and actively inducing infringement of the '553 patent, Bayer will suffer irreparable injury. Bayer has no adequate remedy at law.

**COUNT II**
**(Declaratory Judgment as to the '553 Patent)**

84. Bayer incorporates each of the preceding paragraphs as if fully set forth herein.

85. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

86. On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Product with its proposed labeling prior to the expiration of the '553 patent.

87. MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953, *i.e.*, prior to the expiration of the '553 patent.

88. On information and belief, pursuant to 35 U.S.C. § 271(a) and/or (b), MSN's manufacture, use, sale, or offer for sale within the United States or importation into the United States of MSN's ANDA Product, including in accordance with its proposed labeling, would constitute infringement of the '553 patent and inducement of infringement of the '553 patent.

89. Accordingly, there is a real, substantial, and continuing case or controversy between Bayer and MSN regarding whether MSN's manufacture, use, sale, offer for sale, or importation into the United States of MSN's ANDA Product with its proposed labeling according to ANDA No. 221953 will infringe one or more claims of the '553 patent.

90. Bayer should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of MSN's ANDA Product with its proposed labeling infringes and actively induces the infringement of the '553 patent.

**COUNT III**
**(Infringement of the '107 Patent)**

91. Bayer incorporates each of the preceding paragraphs as if fully set forth herein.

92. MSN's submission of ANDA No. 221953 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Product was an act of infringement of the '107 patent under 35 U.S.C. § 271(e)(2).

93. Unless MSN is enjoined from infringing the '107 patent and actively inducing infringement of the '107 patent, Bayer will suffer irreparable injury. Bayer has no adequate remedy at law.

**COUNT IV**
**(Declaratory Judgment as to the '107 Patent)**

94. Bayer incorporates each of the preceding paragraphs as if fully set forth herein.

95. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

96. On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Product with its proposed labeling prior to the expiration of the '107 patent.

97. MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953, *i.e.*, prior to the expiration of the '107 patent.

98. On information and belief, pursuant to 35 U.S.C. § 271(a) and/or (b), MSN's manufacture, use, sale, or offer for sale within the United States or importation into the United States of MSN's ANDA Product, including in accordance with its proposed labeling, would constitute infringement of the '107 patent and inducement of infringement of the '107 patent.

99. Accordingly, there is a real, substantial, and continuing case or controversy between Bayer and MSN regarding whether MSN's manufacture, use, sale, offer for sale, or importation into the United States of MSN's ANDA Product with its proposed labeling according to ANDA No. 221953 will infringe one or more claims of the '107 patent.

100. Bayer should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of MSN's ANDA Product with its proposed labeling would infringe and actively induce the infringement of the '107 patent.

**COUNT V**
**(Infringement of the '232 Patent)**

101. Bayer incorporates each of the preceding paragraphs as if fully set forth herein.

102. MSN's submission of ANDA No. 221953 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Product was an act of infringement of the '232 patent under 35 U.S.C. § 271(e)(2).

103. Unless MSN is enjoined from infringing the '232 patent and actively inducing infringement of the '232 patent, Bayer will suffer irreparable injury. Bayer has no adequate remedy at law.

**COUNT VI**
**(Declaratory Judgment as to the '232 Patent)**

104. Bayer incorporates each of the preceding paragraphs as if fully set forth herein.

105. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

106. On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Product with its proposed labeling prior to the expiration of the '232 patent.

107. MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221953, *i.e.*, prior to the expiration of the '232 patent.

108. On information and belief, pursuant to 35 U.S.C. § 271(a) and/or (b), MSN's manufacture, use, sale, or offer for sale within the United States or importation into the United States of MSN's ANDA Product, including in accordance with its proposed labeling, would constitute infringement of the '232 patent and inducement of infringement of the '232 patent.

109. Accordingly, there is a real, substantial, and continuing case or controversy between Bayer and MSN regarding whether MSN's manufacture, use, sale, offer for sale, or importation into the United States of MSN's ANDA Product with its proposed labeling according to ANDA No. 221953 will infringe one or more claims of the '232 patent.

110. Bayer should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of MSN's ANDA Product with its proposed labeling would infringe and actively induce the infringement of the '232 patent.

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that MSN has infringed the '553 patent, the '107 patent, and the '232 patent;

(b) A judgment ordering that the effective date of any FDA approval for MSN to make, use, offer for sale, sell, market, distribute, or import MSN's ANDA Product, or any product or compound which infringes or the use of which infringes the '553 patent, be not earlier than the expiration date of the '553 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining MSN, and all persons acting in concert with MSN, from making, using, selling, offering for sale, marketing, distributing, or importing MSN's ANDA Product, or any product or compound that infringes or the use of which infringes the '553 patent, or the inducement of any of the foregoing, prior to the expiration date of the '553 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing MSN's ANDA Product, or any product or compound that

infringes or the use of which infringes the ’553 patent, prior to the expiration date of the ’553 patent, will infringe and actively induce infringement of the ’553 patent;

(a) A judgment ordering that the effective date of any FDA approval for MSN to make, use, offer for sale, sell, market, distribute, or import MSN’s ANDA Product, or any product or compound which infringes or the use of which infringes the ’107 patent, be not earlier than the expiration date of the ’107 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(b) A preliminary and permanent injunction enjoining MSN, and all persons acting in concert with MSN, from making, using, selling, offering for sale, marketing, distributing, or importing MSN’s ANDA Product, or any product or compound that infringes or the use of which infringes the ’107 patent, or the inducement of any of the foregoing, prior to the expiration date of the ’107 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing MSN’s ANDA Product, or any product or compound that infringes or the use of which infringes the ’107 patent, prior to the expiration date of the ’107 patent, will infringe and actively induce infringement of the ’107 patent;

(d) A judgment ordering that the effective date of any FDA approval for MSN to make, use, offer for sale, sell, market, distribute, or import MSN’s ANDA Product, or any product or compound which infringes or the use of which infringes the ’232 patent, be not earlier than the expiration date of the ’232 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(e) A preliminary and permanent injunction enjoining MSN, and all persons acting in concert with MSN, from making, using, selling, offering for sale, marketing, distributing,

or importing MSN's ANDA Product, or any product or compound that infringes or the use of which infringes the '232 patent, or the inducement of any of the foregoing, prior to the expiration date of the '232 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(f) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing MSN's ANDA Product, or any product or compound that infringes or the use of which infringes the '232 patent, prior to the expiration date of the '232 patent, will infringe and actively induce infringement of the '232 patent;

(g) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h) An award of Bayer's costs and expense in this action; and

(i) Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Dov P. Grossman
Alexander S. Zolan
Richard Hildreth III
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

November 19, 2026